UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MINERALS CONTINENTAL INC., | § | |
| | § | |
| *Debtor.* | § | |
| _____ | § | |
| | § | |
| MINERALS CONTINENTAL INC., | § | CIVIL ACTION H-12-03099 |
| | § | |
| *Appellant*, | § | |
| v. | § | |
| | § | |
| LaCampana, INC., *et al.*, | § | |
| | § | |
| *Appellees*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is a motion to dismiss an appeal filed by appellees LaCampana, Inc. ("LaCampana") and Robert Bell ("Bell").  Dkt. 10. After considering the motion, response, reply, and the applicable law, the appellees' motion to dismiss (Dkt. 10) is **GRANTED**.  Because appellant Minerals Continental, Inc. ("Minerals") lacks standing to pursue this appeal, Minerals's appeal is **DISMISSED**, and Chief Judge Jeff Bohm's order of remand is **AFFIRMED**.  Adversary Case No. 12-3319 is **REMANDED** to the 361st Judicial District Court of Brazos County, Texas.

## I. BACKGROUND

### A.    *Factual Background*

Minerals is a Nevada corporation with its principal place of business in New Mexico.  Dkt. 6 at 5.  Minerals owns a 320-acre oil and gas lease in Brazos County, Texas and the case underlying this action arose from an attempt to drill and complete a well on this land during March and April 2008.  Dkt. 2-23 at 3.  Lyons Drilling, Inc. ("Lyons") and LaCampana were the drilling contractor

and operator, respectively, for the operations, and Robert E. Bell ("Bell") managed the operations. Dkt. 6 at 7. On April 2, 2008, while Lyons was drilling the well, a casing liner got stuck during insertion, and Bell suspended operations on April 4. Dkt. 2-23 at 3. As a result, Minerals contends that it lost the opportunity to complete the well. *Id.*

### B.      *Procedural Background*

On February 8, 2010, Minerals filed suit in Brazos County (the "underlying case"), alleging that LaCampana, Lyons, and Bell sabotaged the drilling operation, and that they did so in order to exhaust Minerals's finances so that they could take over the well and surrounding leases owned by entities affiliated with Minerals. *Id.* at 2–3; Dkt. 6 at 7. While the underlying case was still pending, Minerals filed a Chapter 7 bankruptcy petition in Nevada on July 13, 2012. Dkt. 13 at 3. On July 26, 2012, the underlying case was removed from the 361st Judicial District Court of Brazos County, Texas, to the U.S. Bankruptcy Court for the Southern District of Texas.[1]  *Id.*

On August 1, 2012, LaCampana, Lyons, and Bell filed a motion to abstain & remand (the "motion to abstain"), in which they requested that the bankruptcy court abstain from hearing the underlying case in federal court. Dkt. 2-23. On September 13, 2012, the bankruptcy court remanded the underlying case to the Brazos County district court (the "order"). Dkt. 10 at 1.

On September 27, 2012, Minerals filed a notice of appeal challenging the order. Dkt. 1, Ex. 1. Notably, the bankruptcy trustee overseeing the Minerals estate did not join this appeal. Dkt. 10 at 2. On December 13, 2012, appellees filed a motion to dismiss the appeal and argued that Minerals lacks appellate standing. *Id.* On January 2, 2013, Minerals filed a response, and on January 7, 2013, appellees replied. *See* Dkts. 13–14. The motion to dismiss is ripe for disposition.

---

[1] Minerals's bankruptcy case has been transferred from Nevada to the Southern District of Texas, Houston Division, and it is now pending before Chief Judge Bohm, Case No. 12-37126. Dkt. 6 at 5.

## II. LEGAL STANDARDS

### A.    *Constitutional and Prudential Standing*

To establish standing, parties are required to meet both constitutional and prudential requirements. *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001). To meet the constitutional standing requirement, a plaintiff must show: (1) an injury in fact; (2) that is fairly traceable to the actions of the defendant(s); and (3) that likely will be redressed by a favorable decision. *Id.* Prudential standing, by contrast, does not derive from the Constitution. It is a judicially-created doctrine concerning: "(1) whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit; (2) whether the complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch; and (3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties." *St. Paul Fire & Marine Ins. Co. v. Labuzan,* 579 F.3d 533, 539 (5th Cir. 2009) (internal quotation marks and brackets omitted).

Moreover, appellate standing in bankruptcy cases is even stricter than the constitutional or prudential standing requirements. *In re Amir,* 436 B.R. 1, 9 (6th Cir. B.A.P. 2010) (citing *Harker v. Troutman*, 286 F.3d 359, 364 (6th Cir. 2002)). In such cases, courts have created an additional prudential standing element, requiring that the appellant be a "person aggrieved" by the bankruptcy court's order. *In re Coho Energy Inc.,* 395 F.3d 198, 202–03 (5th Cir. 2004) (citing *In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999)). To be considered a "person aggrieved" for standing purposes, the appellant "must show that he was 'directly and adversely affected pecuniarily by the order of the bankruptcy court' in order to have standing to appeal." *Id.* (quoting *In re Fondiller,* 707 F.2d 441, 443 (9th Cir. 1983)).

**B.       *The Debtor's Bankruptcy Standing Limitations***

Upon commencement of a Chapter 7 liquidation proceeding, the debtor's property becomes property of the estate, and the appointment of a trustee makes the trustee the representative of the estate. *In re Solomon,* 129 F.3d 608, 1997 WL 680934, at *6 n. 10 (5th Cir. 1997) (citing 11 U.S.C. §§ 323(a), 541(a)).  The trustee is responsible for the estate's finances, and a Chapter 7 debtor generally has no pecuniary interest in the administration of the estate. *Id.* (citing *Martin v. O'Connor (In re Martin)*, 201 B.R. 338, 343 (Bankr. N.D.N.Y. 1996)).

However, there are two exceptions to the general rule.  A Chapter 7 debtor may have prudential standing if: (1) the debtor can show that a successful appeal would generate assets in excess of liabilities entitling the debtor to a distribution of surplus under Bankruptcy Code § 726(a)(6); or (2) the order appealed from affects the terms of the debtor's discharge in bankruptcy. *In re Thompson,* 965 F.2d 1136, 1144 n.12 (1st Cir. 1992) (citations omitted)).  To proceed under the first exception, a debtor has bankruptcy appellate standing if it "can show that a successful appeal will generate assets in excess of liabilities . . . because the debtor is a 'person aggrieved' [for standing purposes]." *In re Solomon*, 1997 WL 680934, at *6 n.10; *see also In re Vick*, 233 F. App'x 897, 899 (11th Cir. 2007) (holding that the appellant lacked standing to appeal from bankruptcy court orders because those orders did not diminish her property, increase her burdens, impair her rights, or discharge the amount owed to her as part of a divorce settlement).[2]

---

[2] The court need not analyze the second exception, as neither party contends that the order affects the terms of the debtor's discharge in bankruptcy.

## III. ANALYSIS

Minerals argues that the trustee does not oppose the appeal, and Minerals has standing because the underlying case is likely to yield significantly greater assets than the total amount of the estate's liabilities. *Id.* at 3–6. Appellees respond that the trustee's purported non-opposition of this appeal is irrelevant. As the sole representative of the estate, the trustee is, subject to the exceptions discussed above, the only person with the capacity to pursue an appeal on behalf of Minerals. Dkt. 14 at 3. Further, the appellees argue that Chief Judge Bohm's order has not directly and adversely affected any of the estate's assets, and thus the debtor has no standing to pursue this appeal without the trustee's joinder. *See id.* at 2–3.

The court agrees with the appellees. First, the trustee's purported non-opposition of this appeal does not confer standing on the debtor to obtain separate representation on appeal. The trustee is the sole representative of the estate upon his or her appointment and must join the appeal for Minerals to have appellate standing. *In re Solomon*, 1997 WL 680934, at *6 n.10. Second, on a motion to dismiss, the appellant must show that its rights are pecuniarily and adversely affected by the bankruptcy court's order. *Id.* And while the appellant theoretically could obtain a surplus for the estate upon a favorable outcome in the underlying case, the appellant has not properly alleged that its rights are adversely affected by the order remanding the case to state court, for the following reason. Assuming that Minerals *does* have the ability to recover a surplus as a result of a successful case, the test for bankruptcy standing is whether "a successful *appeal*" would yield a surplus. *Id.* (emphasis added). In this case, a successful appeal would merely change the forum; there has been no allegation that such a change would increase appellant's potential recovery or otherwise materially benefit its litigation position. Thus, because the appellant has the burden to show that it has standing before this court and has failed to do so, this appeal must be dismissed.

## IV. CONCLUSION

Appellee's motion to dismiss (Dkt. 10) is **GRANTED**.  Minerals's bankruptcy appeal is

**DISMISSED**.  Chief Judge Bohm's order of remand is **AFFIRMED**.  Adversary Case No. 12-3319

is **REMANDED** to the 361st Judicial District Court of Brazos County, Texas.

It is so **ORDERED**.

Signed at Houston, Texas on April 2, 2013.

_____
Gray H. Miller
United States District Judge